UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILLIP SOLIDAY,<br><br>               Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of the Social Security<br>Administration,<br><br>               Defendant. | CASE NO. 14-cv-05091 JRC<br><br>ORDER ON PLAINTIFF'S<br>COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos. 12, 13, 14).

After considering and reviewing the record, the Court concludes that the ALJ failed to evaluate plaintiff's alleged shoulder impairment due to an unsupported finding

that this impairment did not arise before plaintiff's last date insured. This impairment was diagnosed by a physician following examination prior to plaintiff's date last insured and the medical evidence supports allegations of limitations arising from this impairment. Hence, plaintiff's alleged shoulder impairment should be assessed in the first instance by the Administration.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

BACKGROUND

Plaintiff, PHILLIP SOLIDAY, was born in 1959 and was 49 years old on the alleged date of disability onset of August 28, 2008 (*see* Tr. 147-48). Plaintiff finished high school has attended some college (Tr. 46).   Plaintiff has work experience as a carpenter in residential construction, a part-time crew member in a grocery store, a service advisor in an auto dealership and an inside salesman at a lumber yard.  He also owned a siding construction company (Tr. 188-194).

According to the ALJ, through the date last insured, plaintiff had at least the severe impairments of "status-post carpel tunnel release, [and] bipolar disorder (10 CFR 404.1520(c))" (Tr. 20).

At the time of the hearing, plaintiff was living with his girlfriend and two of his four sons in a single family home (Tr. 44, 47).

PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) was denied initially and following reconsideration (*see* Tr. 74-85,

87-98, 100-102, 108-112). Plaintiff's requested hearing was held before Administrative Law Judge Scott R. Morris ("the ALJ") on June 5, 2012 (*see* Tr. 35-73). On August 28, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.15-33).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the Commissioner err in determining plaintiff's severe impairments; (2) Did the Commissioner err in determining that plaintiff did not meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 §1.04; (3) Did the commissioner err in evaluating plaintiff's credibility; and (4) Did the Commissioner err in determining plaintiff's residual functional capacity (*see* ECF No. 12, p. 2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1)    **Did the Commissioner err in determining plaintiff's severe impairments**?

Among other contentions, plaintiff contends that the ALJ erred at step two when he failed to analyze plaintiff's shoulder impairment due to a finding that plaintiff's

"impairments involving his shoulder  . . . .  arose after the date of last insurance" (*see* Tr. 21).

Step-two of the administration's evaluation process requires the ALJ to determine if the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen, supra*, 80 F.3d at 1290 (*quoting* Social Security Ruling "SSR" 85-28) (*citing Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)).

Although the ALJ found that plaintiff's "impairments involving his shoulder  . . . .  arose after the date of last insurance," December 31, 2011, the record does not substantiate this finding (*see* Tr. 20, 21). On September 1, 2010, plaintiff was diagnosed with joint pain in his shoulder, with a reported pain of 5/10 (*see* Tr. 397). On September 7, 2010, less than a week later, plaintiff again was seen for pain in his shoulder, which he reported at a level of 7/10 (*see* Tr. 404). Importantly, following examination on September 14, 2010, Dr. Douglas M. Hassan, M.D. observed that plaintiff's "shoulder impingement sign is positive" and he approved additional treatment for plaintiff's shoulder pain (*see* Tr. 495). On September 22, 2010, plaintiff again was assessed with cervicalgia and joint pain in his shoulder, and he reported "constant" pain after being in a motor vehicle accident earlier in the month (*see* Tr. 422). Similarly, on September 29, 2010, plaintiff reported pain and was observed to have "moderate – severe hypertonicity

[in his] rhomboids, trapezius, levator, SCM, scalene and suboccipital ligaments" (*see* Tr. 438). On October 6, 2010, plaintiff reported that his shoulder pain had been getting better, but that he was suffering from pain in his right shoulder when he abducts his arms such that both hands are above his head (*see* Tr. 450). On October 26, 2010, Dr. Hassan reported that plaintiff had experienced moderate improvement following a right shoulder injection, but that his "right shoulder impingement sign still remains moderately positive" (*see* Tr. 492).

Therefore, defendant's arguments that the ALJ did not need to consider the shoulder impairment is not persuasive. Any contention that the impairment was not substantiated is unpersuasive, as a physician twice diagnosed an impairment following examination (*see* Tr. 492, 495).

Although defendant argues that the ALJ properly could have failed to credit the severity of the resultant limitations because they derive mainly from plaintiff's own subjective reports, such reasoning was not promulgated by the ALJ and according to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)). Besides, it is clear here what the ALJ was thinking, and such thinking was incorrect.

For the stated reasons and based on the record, the Court concludes that the ALJ's finding that plaintiff's "impairments involving his shoulder . . . . arose after the date of

last insurance" is a finding that is not based on substantial evidence in the record as a whole (*see* Tr. 21). The Court also concludes that this error is not harmless, as it is not inconsequential to the ultimate disability determination. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination'") (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted); *see also Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

The ALJ made no effort to analyze plaintiff's alleged shoulder impairment and did not determine if any further accommodation was warranted into plaintiff's RFC, such as limitation to overhead reaching or further limitation on lifting or climbing ladders. This is something for the ALJ to determine in the first instance.

The Court also notes that in the context of this case, the evidence supporting plaintiff's alleged shoulder impairment is significant, probative evidence that the ALJ erred in failing to discuss. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (the Commissioner "may not reject 'significant probative evidence' without explanation") (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))).

//

//

//

(2)   **Did the Commissioner err at step three in determining that plaintiff did not meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 §1.04**?

The Court already has concluded that the ALJ erred in reviewing the medical evidence at step two of the sequential disability evaluation and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. Therefore, as a necessity, step three should be assessed anew following remand of this matter.

(3)   **Did the commissioner err in evaluating plaintiff's credibility**?

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, for this reason, plaintiff's credibility should be assessed anew following remand of this matter.

(4)   **Whether this matter should be reversed and remanded with a direction to award benefits, or for further administrative proceedings**.

Generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*,

211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

Here, it is not clear from the record that the ALJ would be required to find plaintiff disabled were the inappropriately discredited evidence credited in full. The ALJ failed in the first instance to evaluate plaintiff's testimony and the medical evidence regarding plaintiff's alleged shoulder impairment. This is the ALJ's responsibility.

<u>CONCLUSION</u>

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 30th day of July, 2014.

J. Richard Creatura
United States Magistrate Judge